■ WILLIAM; ISER, INC., et al., Respondents, v. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Appellant.— In a declaratory judgment action by two assureds, *inter alia*, to recover alleged overpayments of

premiums on certain policies of workmen's compensation and general liability insurance issued to them by defendant, the latter appeals from an order of the Supreme Court, Kings County, entered November 29, 1965, which denied its motion (1) to dismiss the complaint and (2) for summary judgment in its favor on its counterclaim against the plaintiff William Iser, Inc., for $8,376.78 allegedly due for unpaid earned premiums on the four policies issued by defendant to that plaintiff. Order modified to the extent of granting defendant's motion to dismiss the complaint. As so modified, order affirmed, without costs. The gist of plaintiffs' cause of action is that the defendant insurer improperly classified the risks under the policies and failed to give plaintiffs the benefit of a so-called "combination-of-entities" premiums, all of which resulted in a higher cost to plaintiffs. In our opinion, plaintiffs' exclusive remedy lay in the administrative review provided by the Insurance Law, subject to judicial review in an article 78 proceeding. Plaintiffs' failure to pursue and exhaust their administrative remedy deprives the court of jurisdiction to determine the propriety of classifications and rates (cf. *Commissioners of State Ins. Fund v. Mascali-Robke Co.*, 208 Misc. 316, affd. 1 A D 2d 945; *Kaplan v. Travelers Ins. Co.*, 152 Misc. 825). Accordingly, the complaint should have been dismissed. However, the counterclaim and the reply raise issues which in our opinion may be resolved only after trial. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.